**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SUPREME OIL COMPANY, INC. d/b/a/ ADMIRATION FOODS,<br><br>Plaintiff/Counterdefendant,<br><br>v.<br><br>MASS POLYMERS CORPORATION,<br><br>Defendant/Counterclaimant.<br><br>MASS POLYMERS CORPORATION,<br><br>Third-Party Plaintiff/Counter Defendant,<br><br>v.<br><br>DONALD O'SULLIVAN,<br><br>Third-Party Defendant/Counterclaimant. | **Civil Action No. 15-cv-2344 (SRC)(CLW)**<br><br>**OPINION & ORDER** |

**CHESLER**, District Judge

This case comes before the Court on the motion for summary judgment by Defendant/ Counterclaimant/Third Party Plaintiff Mass Polymers Corporation ("MPC"). For the reasons stated below, the motion will be granted.

This case arises from a dispute between Plaintiff, Supreme Oil Company, Inc. ("Supreme"), a merchant purchaser of goods, and Defendant MPC, a merchant seller of goods, over payment. The parties do not dispute that Plaintiff has now paid Defendant the balance due

1

on the invoices for the goods.  MPC now moves for summary judgment on Counts I and II of its counterclaims, seeking awards of interest on the unpaid balance as well as attorneys' fees for collection.

MPC contends that it is entitled to awards of interest and fees pursuant to "Conditions of Sale" provisions expressly incorporated in their invoices.  MPC argues that, under § 2-207 of the Uniform Commercial Code ("UCC"), the "Conditions of Sale" became binding contractual provisions.

Supreme opposes the motion on two grounds: 1) New Jersey law should be applied; and 2) MPC has failed to justify its claims as reasonable.  The first argument appears to be an invitation to the Court to go off on a tangent.  Even if this Court agreed with Supreme's argument about New Jersey law – which it does not –, the conclusion that Supreme advocates is that the contractual provision at issue should be strictly construed.  Supreme does not explain, however, what actual difference strict or loose construction makes.  There does not appear to be any genuine dispute between the parties that MPC is entitled to reasonable attorneys' fees.  Supreme has failed to articulate the impact of strict or loose construction on MPC's entitlement to reasonable attorneys' fees, and it is unnecessary for this Court to travel further on this tangent.

As MPC observes, Supreme's second argument, that MPC has failed to justify its claims as reasonable, completely misses the point: MPC has not yet submitted a figure for the amount of attorney fees it claims.  That matter is not presently before this Court.  On this motion, MPC seeks a judgment that awards it interest and reasonable attorneys' fees.  The determination of amounts will come later.


Supreme has failed to defeat MPC's motion for summary judgment. There appears to be no genuine dispute between the parties that MPC is contractually entitled to the interest and reasonable attorneys' fees it seeks. The motion for summary judgment will be granted.

For these reasons,

**IT IS** on this 19th day of August, 2016,

**ORDERED** that MPC's motion for summary judgment on Counterclaims I and II (Docket Entry No. 80) is **GRANTED**; and it is further

**ORDERED** that Judgment on Counterclaims I and II is hereby entered in MPC's favor, and MPC is awarded both interest on the unpaid balances and reasonable attorneys' fees.

        s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge