|  |  |  |
|---|---|---|
| SUPREME OIL COMPANY, INC. d/b/a/ ADMIRATION FOODS, | : : : : | **Civil Action No.** |
| Plaintiff/Counterdefendant, | : : | **2:15-cv-2344 (SRC)(CLW)** |
| v. | : : | |
| MASS POLYMERS CORPORATION, | : : | **OPINION** |
| Defendant/Counterclaimant. | : : | |
| MASS POLYMERS CORPORATION, | : : : | |
| Third-Party Plaintiff/Counter Defendant, | : : : | |
| v. | : : | |
| DONALD O'SULLIVAN, | : : : | |
| Third-Party Defendant/Counterclaimant. | : : | |

**CHESLER**, District Judge

This matter came before the Court upon the motion of Defendant/

Counterclaimant/Third Party Plaintiff Mass Polymer Corporation ("MPC") for an entry of final

judgment awarding attorneys' fees, contractual interest and costs in favor of MPC as to Counts I

and II of MPC's Counterclaim against Plaintiff/Counterdefendant Supreme Oil Company, Inc.

d/b/a Admiration Foods ("Supreme Oil").  Supreme Oil opposes the motion.

On August 19, 2016, this Court issued an Opinion & Order granting summary judgment

in favor of MPC and against Supreme Oil as to Counts I and II of MPC's counterclaim.  Count I

of the counterclaim asserts a claim for common law breach of contract, and Count II asserts a

claim for violation of N.J.S.A. 12A:2-608, Section 608 of the Uniform Commercial Code,

arising from Supreme Oil's alleged failure to pay amounts due and owing for goods it accepted.

In total, MPC sought $584,759.95 in principal, plus contractual interest, attorneys' fees and costs.

In its August 19, 2016, Opinion & Order, the Court noted that Supreme Oil had already paid MPC the principal amount of $584,795.95, on March 16, 2016.  The Court found, further, that there was no genuine dispute between the parties that MPC was contractually entitled to the interest and reasonable attorneys' fees it seeks.  Accordingly, the Court ordered that judgment on Counts I and II of MPC's counterclaims be entered in MPC's favor and that MPC be awarded both interest on the unpaid balances and reasonable attorneys' fees.  MPC now moves for a determination of the amount of contractual interest and reasonable attorneys' fees to be awarded.

In order to determine the total amount of contractual interest owed by Supreme Oil to MPC, the interest rate for late payments set forth in each of the applicable contracts must be applied to the previously unpaid balances, based on the amount of time that each balance was due and owing but went unpaid.  Paragraph 5 of MPC's Conditions of Sale provides for a late payment charge of 18% per annum.  The unpaid amounts, and the respective date on which each became due, are as follows: $37,316,70, due on April 5, 2015; $134,384.25, due on April 8, 2015; $132,882.75, due on April 12, 2015; $139,381.25, due on April 23, 2015; and $140,795.00, also due on April 23, 2015.  Based on these amounts, the period of time between the date that each became due and the date that it was paid, on March 16, 2016, and the contractual interest rate of 18% per annum, the total contractual interest accrued on the unpaid sums is $96,663.09.

With regard to MPC's request for a determination of reasonable attorneys' fees, the Court concludes that the appointment of a special master to prepare a report on the amount of reasonable attorneys' fees is warranted under the circumstances of this action.  Federal Rule of

Civil Procedure 53 empowers the Court to appoint a master to "hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by: . . . (ii) the need to perform an accounting or resolve a difficult computation of damages . . . ." Fed. R. Civ. P. 53(a)(1).  In the present case, deciding MPC's motion for reasonable attorneys' fees presents such a need to perform a difficult and detailed accounting.  Because the Court has awarded attorneys' fees with respect to MPC's counterclaims, but not with respect to MPC's defense against Supreme Oil's affirmative claims, an award of reasonable attorneys' fees must reflect the time and effort that MPC's counsel spent in litigating the former, but not the latter.  Identifying those efforts and calculating the appropriate amount of time spent, however, will require a labor-intensive inquiry into MPC's counsel's billing records.

The Court will therefore exercise its discretion under Federal Rule of Civil Procedure 53 and appoint a special master to analyze the record and prepare a report calculating the lodestar of MPC's attorneys, based on identification of the tasks reasonably related to legal representation of MPC on its counterclaims and multiplication of the hours dedicated to those tasks by a reasonable hourly rate charged by practitioners who regularly prosecute such claims.  This Opinion shall constitute notice to the parties, pursuant to Fed. R. Civ. P. 53(b), that a special master shall be appointed.  The accompanying Order shall provide an opportunity for the parties to express their views in writing to the Court; such views include suggestions of candidates for appointment as special master.  The Court is of the view that the cost of appointing a special master to review the attorneys' fees motion and prepare a report, consistent with the Court's foregoing instructions, should be borne equally by MPC and Supreme Oil.  In accordance with the Rule 53(b)(3), the Court will appoint the special master only after the selected candidate for

3

the position files an affidavit disclosing whether there is any ground for disqualification under 28

U.S.C. § 455.

### III.    CONCLUSION

Accordingly, for the foregoing reasons, this Court will award MPC contractual interest on

the unpaid balances in the amount of $96,663.09.  With regard to MPC's request for a

determination of reasonable attorneys' fees, the Court will refer the motion to a special master,

pursuant to Rule 53, for a report and recommendation consistent with the foregoing instructions.

An appropriate order shall issue.


        s/ Stanley R. Chesler
      STANLEY R. CHESLER
      United States District Judge


Dated: January 17, 2017